| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-68-KAC-DCP |
| | ) | |
| JONATHAN MATTHEW HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant's Unopposed Motion to Withdraw Both Defendant's Notice of Insanity Defense and Request for a Determination of Defendant's Sanity at the time of the Offense [Doc. 34], filed on June 18, 2026. *See* 28 U.S.C. § 636(b). On November 25, 2025, the undersigned found Defendant to be incompetent and ordered his commitment for four months of evaluation and competency restoration treatment [Doc. 32 p. 4]. Defendant contends that on June 17, 2026, defense counsel spoke with his evaluating psychologist and that "it is [defense] counsel's understanding that a report finding [Defendant] competent to proceed in judicial proceedings is forthcoming" [Doc. 34 p. 1]. Defendant asserts that after consultation with counsel, he seeks to withdraw his request to determine his sanity at the time of the offense and asks the Court to order the United States Marshals Service ("USMS") to return him to this district for further proceedings in his case [*Id*. at 1–2]. The motion states that the Government does not oppose the requested relief [*Id*. at 2]. Defendant also filed a Notice of Intent to Plead Guilty [Doc. 35] on June 18, 2026.

Defendant Jonathan Hall is charged by Indictment with escape from custody in violation of 18 U.S.C. §§ 751 & 4082 [Doc. 1]. On August 13, 2025, Defendant filed a Notice of Insanity

Defense, pursuant to Federal Rule of Criminal Procedure 12.2. and 18 U.S.C. § 4242, stating Defendant intends to offer proof of an insanity defense at trial [Doc. 19 p. 1]. The following day, defense counsel filed a sealed motion for a competency determination and for a mental evaluation to determine Defendant's competency [Doc. 23, SEALED, p. 1]. At a motion hearing on August 28, 2025, the Government moved for a sanity evaluation pursuant to § 4242 [Doc. 25 p. 2]. The undersigned committed Defendant Hall for an evaluation of both his competency to stand trial and his sanity at the time of the alleged offense [*Id.*]. Based upon the forensic report of Dr. H. Wentowski from the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), the undersigned found Defendant to be incompetent and as stated above, ordered his commitment for four months of evaluation and competency restoration [Doc. 32 p. 4]. In the forensic report, Dr. Wentowski stated that the evaluation of Defendant's sanity at the time of the offense would be deferred until Defendant's competency is restored [Doc. 30, SEALED].

The undersigned's Commitment Order directs that "the facility shall not automatically transport the Defendant back to this district until such time that the evaluator determines that the Defendant's competency has been restored" [Doc. 32 p. 3]. The Court further ordered that "[i[f Defendant is rendered competent, the facility is **ORDERED** to complete an evaluation of Defendant's sanity at the time of the charged offense, pursuant to 18 U.S.C. §§ 4242(a) and § 4247(b), and submit a report pursuant to § 4247(c)" as previously ordered in the Court's Order of Commitment of August 28, 2025 [Doc. 32 p. 4]. The Commitment Order also requires that the USMS return Defendant to this district "[u]pon the issuance of a certificate by the director of the treating facility that Defendant's competency has been restored" [*Id.* at 5]. The Court has scheduled a status conference on the matter of Defendant's competency for July 7, 2026, at 1:30 p.m.

The Court finds that Defendant Hall is no longer pursuing a sanity defense, and that the Government agrees to withdraw its request for a sanity evaluation pursuant to § 4242(a). Accordingly, Defendant's Notice of Insanity Defense [Doc. 19] is withdrawn, and the Court's Order [Doc. 32 p. 4] for the treating facility to perform a sanity evaluation is likewise withdrawn.

The Defendant's request to return to the district immediately ahead of the forensic report regarding his competency restoration is governed by 18 U.S.C. §§ 4241(e) and 4247(h). Section 4241(e) provides that upon finding that a defendant is incompetent to proceed in a criminal case, the Court "*shall commit* the defendant to the custody of the Attorney General" for hospitalization and competency restoration. *Id*. § 4241(d) (emphasis added). Once the director of the facility where the defendant is hospitalized determines his competency is restored, the director shall notify the court by providing a certificate that Defendant is competent to the clerk of the court which committed the defendant. *Id*. § 4241(e). The undersigned has received no certificate of competency for Defendant Hall to date. Upon receiving such certificate, the Court shall hold a hearing to determine the Defendant's competency and, if Defendant is found to be competent, the Court shall order his discharge from the treating facility. *Id*.

If a defendant seeks early discharge from the treating facility, defense counsel may file a motion with the court that ordered commitment for a hearing to determine if the defendant should be discharged without regard to whether the director of the treating facility has filed a § 4241(e) certificate. *Id*. § 4247(h). "[N]o such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed." *Id.* Here, the director of the treating facility filed a letter on March 2, 2026, stating that the treating facility received Defendant for treatment on February 19, 2026. Defendant's motion, filed on June 18, 2026, is filed more than 180 days from the Court's November 25, 2025 Commitment Order [Doc. 32]. Here,

Defendant has undergone four months of treatment and competency restoration since the facility received him on February 19, 2026, but the undersigned has yet to receive a report from the evaluating psychologist. To the extent that Defendant's request for discharge from the treating facility and return to this district is a request for a hearing on whether he may be discharged pursuant to § 4247(h), it is **GRANTED in part** in that the Court will hold a hearing on the matter of Defendant's competency on **July 7, 2026**.

Section 4241(e) contemplates that a Defendant will not be discharged until the Court determines that he is competent. The undersigned's Commitment Order directs the marshals to transport Defendant to this district upon receipt of the director's certificate of competency. Thus, the undersigned finds Defendant's request that he be returned to this district prior to the filing of the certificate or the Court's determination that Defendant is competent should be denied. Nevertheless, Defendant has a right to testify at his competency hearing, § 4247(d). If Defendant seeks to appear and/or testify at his July 7, 2026 competency hearing, and he has not yet been transported to this district because no certificate of competency is yet filed, defense counsel shall contact Chambers on or before **noon on July 2, 2026**, to arrange for Defendant's appearance from the treating facility by video. Alternatively, Defendant may file a waiver of his appearance at the July 7 competency hearing by that same day and time.

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Withdraw Both Defendant's Notice of Insanity Defense and Request for a Determination of Defendant's Sanity at the time of the Offense [**Doc. 34**] is **GRANTED in part** in that Defendant's Notice of Insanity Defense [**Doc. 19**] is **WITHDRAWN**;

(2) The Government's motion for an inpatient evaluation of Defendant's sanity at the time of the offense pursuant to 18 U.S.C. § 4242(a) is also **WITHDRAWN**. Thus, the Court's requirement that the treating facility conduct an evaluation of

4

Defendant's sanity at the time of the offense [**Doc. 34 p. 4**] is **WITHDRAWN**;

(3)  Defendant's request for a hearing to determine whether he can be discharged is **GRANTED,** and the parties shall appear before the undersigned for a competency hearing on **July 7, 2026, at 1:00 p.m.**  Defendant's request to return to this district immediately is **DENIED;**

(4) The Court continues to require that upon the issuance of a certificate by the director of the treating facility that Defendant's competency has been restored, the Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal for transport back to the district;

(5) The United States Marshal **SHALL NOTIFY** the Clerk of Court and the undersigned's office promptly when the Defendant returns to the district from the mental evaluation and treatment. If the Defendant has returned in time, the marshals shall bring him to the July 7, 2026 hearing;

(6) If Defendant has not returned to the district by his July 7 competency hearing but desires to attend and/or testify at the hearing, he may attend by video from the treating facility. Defense counsel is **ORDERED** to either contact Chambers by **noon on July 2, 2026**, to make arrangements for Defendant to appear by video or to file a waiver of Defendant's appearance at the competency hearing by that same day and time;

(7) The Clerk of Court is **DIRECTED** to provide a copy of Defendant's motion [Doc. 34] and a copy of this Memorandum and Order to Ms. Stacey Burroughs, Health Services Assistant at slburroughs@bop.gov and BUH-ForensicPsychology@bop.gov [*See* Doc. 33 p. 1]; and

(8) The Clerk of Court is also **DIRECTED** to serve copies of this Memorandum and Order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

5