| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-68-KAC-DCP |
| | ) | |
| JONATHAN MATTHEW HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636(b), for disposition or recommendation as appropriate.

Defendant Jonathan Hall is charged by Indictment with escape from custody in violation of 18 U.S.C. §§ 751 & 4082 [Doc. 1]. On August 13, 2025, Defendant filed a Notice of Insanity Defense, pursuant to Federal Rule of Criminal Procedure 12.2 and 18 U.S.C. § 4242, stating Defendant intends to offer proof of an insanity defense at trial [Doc. 19 p. 1]. The following day, defense counsel filed a sealed motion for a competency determination and for a mental evaluation to determine Defendant's competency [Doc. 23, SEALED, p. 1]. At a motion hearing on August 28, 2025, the Government moved for a sanity evaluation pursuant to § 4242 [Doc. 25 p. 2]. The undersigned committed Defendant Hall for an evaluation of both his competency to stand trial and his sanity at the time of the alleged offense [*Id.*]. Based upon the forensic report of Dr. H. Wentowski from the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), on November 5, 2025, the undersigned found Defendant to be incompetent and ordered his commitment for four months of evaluation and competency restoration [Doc. 32 p. 4]. In the

forensic report, Dr. Wentowski stated that the evaluation of Defendant's sanity at the time of the offense would be deferred until Defendant's competency is restored [Doc. 30, SEALED].

On June 18, 2026, Defendant filed his Unopposed Motion to Withdraw Both Defendant's Notice of Insanity Defense and Request for a Determination of Defendant's Sanity at the time of the Offense [Doc. 34], which stated that defense counsel spoke with his evaluating psychologist and that "a report finding [Defendant] competent to proceed in judicial proceedings is forthcoming" [Doc. 34 p. 1]. The motion sought to withdraw his request to determine his sanity at the time of the offense [*Id.* at 1–2]. Also on June 18, 2026, Defendant filed a Notice of Intent to Plead Guilty [Doc. 35]. On June 23, 2026, the undersigned granted in part Defendant's motion, ordering that Defendant's Notice of Insanity Defense is withdrawn and the Government's motion for an inpatient evaluation of Defendant's sanity at the time of the offense is withdrawn [Doc. 36 p. 4]. The Court denied Defendant's request to immediately return to the district and continued to require Defendant to be returned upon the issuance of a certificate of competency restoration by the director of the treating facility [*Id.* at 5]. The Court also ordered the parties to appear for a competency hearing [*Id.*].

Defendant Hall underwent a forensic evaluation and treatment to restore his competency at Federal Medical Center Butner ("FMC Butner"), beginning on February 19, 2026 [Doc. 37, SEALED, p. 4]. Defendant's evaluation was completed on June 18, 2026, and the forensic report was filed on June 30, 2026 [*Id.*]. The parties appeared for a competency hearing on July 28, 2026. Assistant United States Attorney Michael Gilmore appeared on behalf of the Government. Assistant Federal Defender Sarah Olesiuk represented Defendant Hall, who was also present.

Counsel for both parties confirmed they received a copy of the Forensic Evaluation by Dr. Brianna Grover, forensic psychologist at FMC Butner [Doc. 37, SEALED]. Dr. Grover's report

reflects that Defendant underwent a period of restoration and that with psychiatric intervention and psychotropic medication, his condition improved and he is now stable [*Id.* at 16]. In the report, Dr. Grover explains that although Defendant Hall suffers from a mental disease or defect, the symptoms are not of sufficient severity to render him not competent to proceed at this time [*Id.*]. Specifically, Defendant possesses a factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a reasonable, rational manner [*Id.* at 16–17]. Dr. Grover includes a caution that his competency status is entirely contingent on his continued compliance with psychotropic medication, and if he were to discontinue medication, reevaluation would be warranted [*Id.* at 17]. Both parties stipulated to the report's findings, as well as to receipt of the certificate of restoration of competency to stand trial [*see id.* at 3], and neither party presented any other evidence relating to Defendant's competency.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "In making this determination, a court should consider evidence including that of 'irrational behavior, the defendant's demeanor [in court] and any prior medical opinion concerning competence to stand trial.'" *United States v. Taylor*, No. 23-5470, 2024 WL 966570, at *3 (6th Cir. Mar. 6, 2024) (quoting *United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021) (internal quotation omitted)).

Based upon the Forensic Evaluation, the parties' stipulation, and the record as a whole, the undersigned finds by a preponderance of the evidence that Defendant Hall can understand the

3

nature and consequences of the proceedings against him and is capable of assisting properly in his defense. *See* 18 U.S.C. § 4241(e). Accordingly, the Court finds that Defendant Hall is **COMPETENT** to participate in further proceedings in this case.

    **IT IS SO ORDERED**.

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

4